# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 2:10-cr-565-RLH-PAL |
| vs. | ) | **O R D E R** |
| | ) | (Motion to Disclose Portions |
| NICHOLAS BICKLE, | ) | Of Presentence Investigation–#126) |
| Defendant. | ) | |

Before the Court is **Government's Motion to Disclose Limited Portions of Co-Defendants' Presentence Investigation Reports** (#126, filed June 13, 2011). There is no response to the motion by either of the two co-defendants in this case, whose presentence reports are at issue. The Court finds the lack of response surprising under the circumstances. The subject of the third presentence report was charged in another case and so was not served with this motion, which the Court finds troubling.

Notwithstanding the lack of opposition by the co-defendants, the Court will deny the motions for the reasons stated below.

Three of the four people involved in the two cases have entered into plea agreements with the government and have entered pleas. The remaining defendant, Nicholas Bickle, remains to be tried. The United States is asking this Court to disclose portions of the presentence reports of the other three persons, to Bickle, in fulfillment of its obligations under *Brady v. Maryland,* 373 U.S. 83 (1963).

As quoted by the United States in its motion,

> It is well settled that a criminal defendant has no constitutional right to examine presentence reports. *United States v. Walker,* 491 F.2d 236, 238 (9th Cir.), *cert. denied*, 416 U.S. 990, 94 S.Ct. 2399, (40 L.Ed.2d 769 (1974); *Fernandez v. Meier*, 432 F.2d 426, 427 (9th Cir. 1970) (*per curiam)*. Presentence reports are prepared by probation officers for the court's use in sentencing; they are not public documents subject to prosecutorial control. *Walker*, 491 F.2d at 238. The district judge, in his discretion, may thus deny an accused an opportunity to inspect the report. *Id.,*; see also *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 1003, 94 L.Ed.2d 40 (1987) (in camera review of sensitive reports by trial judge ensures fair trial).

*United States v. Chavez-Vernaza*, 844 F.2d 1368, 1375 (9th Cir. 1988).

The Probation Officer is an officer of the Court, not part of the prosecution team. It is essential to the Court that it receive as much information as possible in preparation for sentencing. To accomplish that goal, it is necessary that Probation Officers have the full confidence of those they interview, and, that their statements and disclosures enjoy confidentiality. Otherwise, no convicted person, and perhaps not his or her family, is going to be willing to give full and honest answers to the information a Probation Officer is required by law and the court to obtain.

Courts have been reluctant to give third parties access to presentence reports absent "some showing of special need." *United States Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988). And even then, there must be clear showing that the information is potentially exculpatory or impeaching. It must be both material and favorable to the defense. *See, generally*, *Brady v. Maryland,* 373 U.S. at 87.

As requested, this Court has examined all three of the presentence reports in question, especially those paragraphs the United States has requested be disclosed. It will discuss them below. The information in the paragraphs in question is the same for each report, but the paragraphs are different. The Court will address the corresponding paragraphs together.

Paragraph 30 of the Aguirre Report, paragraph 42 of the Kaufman Report, and paragraphs 44-47 of the Paul Report are entitled Acceptance of Responsibility. It should be abundantly clear that each has accepted responsibility. One of the defendants refused to discuss the case itself, and others merely made statements that are detrimental to the Defendant Bickle. None of it

appears to be favorable to the defense or provide exculpatory or impeaching evidence.  Furthermore, each of the co-defendants has signed a statement of facts in his signed plea agreement which provides a much more complete statement by that co-defendant and which would meet the United States' *Brady* obligations in that regard.

Paragraph 44 of the Aguirre Report, paragraph 42 of the Kaufman Report, and paragraph 60 of the Paul Report state the Total Offense Level (from the Sentencing Guidelines) as calculated by the Probation Officer.  Paragraph 82 of the Aguire Report, paragraph 92 of the Kaufman Report, and paragraph 119 of the Paul Report deal with Guideline Provisions. The Total Offense Level calculations, as well as the Guideline Provisions are totally irrelevant to this case and provide no exculpatory information, nor basis for impeachment if the co-defendants testify against Bickle. These calculations are purely the product of the Probation Officer's knowledge of the Guidelines and their application to each co-defendant based upon the Officer's judgment of how and which Guideline applies.  Offense Levels and Guideline Provisions are not *Brady* materials.

Paragraphs 46-48 of the Aguirre Report, paragraphs 57-62 of the Kaufman Report, and paragraphs 62-66 of the Paul Report identify Adult Criminal Convictions.  While the Court acknowledges that the United States has an obligation to disclose felony convictions of potential witnesses, it, or the federal law enforcement agencies, certainly have the same resources as a Probation Officer to obtain such information and should ask the Court to disclose portions of presentence reports which are, by law confidential.

Furthermore, the paragraphs in question contain information about misdemeanors (in fact one report's "Adult Criminal Convictions" only identifies misdemeanor convictions), charges that were dismissed, plea negotiations and other information which does not constitute *Brady* materials.  It is unnecessary to disclose these portions of the presentence reports because the United States has the capability to gather and disclose the same information.

Paragraphs 69-70 of the Aguirre Report, paragraph 76 of the Kaufman Report, and paragraphs 92-98 of the Paul Report identify Substance Abuse information.  Some of the information

1    contained therein would constitute *Brady* material.  The Court will permit the United States to
2    disclose the substance of that information, but the United States will not disclose actual portions of
3    the reports.  A criminal defendant has no constitutional right to examine the presentence reports
4    themselves.  *Cf. Walker, supra*.

5              Finally, paragraph 86 of the Kaufman Report is identified as I.R.S. Information.  It
6    only deals with a failure to file income tax returns, which the Court finds is not relevant nor material
7    to Bickle's guilt or innocence.  There are no reasons given nor any other explanation.  The Court finds
8    the information immaterial to a witness's credibility.

9              At the risk of repeating itself, the presentence reports in question are confidential.
10   There is no constitutional right of a defendant to examine presentence reports.  The relevant *Brady*
11   information contained in the reports is available from other, less confidential, sources.

12             IT IS THEREFORE ORDERED that **Government's Motion to Disclose Limited**
13   **Portions of Co-Defendants' Presentence Investigation Reports** (#126) is denied.

14             Dated: August 15, 2011.

_____
Roger L. Hunt
United States District Judge