UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 2:10-cv-00565-RLH-PAL |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | (Motion in Limine–#90) |
| NICHOLAS BICKLE, | ) | |
| Defendant. | ) | |

Before the Court is the United States of America's ("Government") **Motion in Limine** (#90, filed Mar. 2, 2011). The Court has also considered Nicholas Bickle's Opposition (#97, filed Mar. 18, 2011), and the Government's Reply (#107, filed Mar. 28, 2011).

**BACKGROUND**

Bickle is charged with one count of conspiracy and thirteen counts related to trafficking in firearms and explosives. The Government makes the following allegations in support of its case. In June 2010, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") learned from a confidential informant that a man named Omar Aguirre illegally sold and possessed firearms. The ATF subsequently used the confidential informant to purchase firearms

///

from Aguirre.  The confidential informant purchased four firearms and later obtained magazines for the firearms.  The confidential informant had no involvement in this case after this purchase.

The ATF continued to investigate Aguirre and engaged in multiple undercover transactions with him.  In August 2010, the ATF interviewed Aguirre about his activities and he identified Richard Paul, Andrew Kaufman, and Bickle as other individuals involved in the trafficking of firearms and explosives.  The ATF began investigating all three individuals and eventually all three were arrested.  At some point after Paul was arrested, he agreed to make a phone call to Bickle in which they discussed selling firearms and explosives.  Bickle was then arrested and charged as set forth above.  The Government's case against Bickle has proceeded to trial and the Government has now filed a motion in limine.  For the reasons discussed below, the Court denies the Government's motion.

## DISCUSSION

### I.     Legal Standard

Motions in limine are authorized "pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469, U.S. 38, 41 n.4 (1984).  The Court has authority to issue a preliminary ruling on the admissibility of evidence, and the decision to do so is vested in the sound discretion of the Court.  *United States v. Kennedy*, 714 F.2d 968, 975 (9th Cir. 1983).

### II.    Government's Motion in Limine

The Government asks the Court to enter an order in limine precluding Bickle from asserting an entrapment defense, and from referencing military-related character traits, including specific instances of good character in his military service.  The Court will deal with each of these issues in turn.

#### a.     Entrapment Defense

If a defendant asserts an entrapment defense the government must prove, beyond a reasonable doubt, that the defendant was either predisposed to commit the crime before being

2

contacted by the government or was not induced by government agents to commit the crime. *U.S. v. McClelland*, 72 F.3d 717, 722 (9th Cir. 1995).

The Government asks the Court to preclude Bickle from asserting an entrapment defense. In support of this request the Government argues that under the facts *they have alleged* there is no basis for such a defense. The Government is essentially asking this Court to take their word for it that the evidence at trial will show there is no entrapment defense and to rule accordingly. Until the evidence is presented at trial, however, the Court finds that such a ruling would be premature.

The Government also argues that an entrapment defense is not viable because Bickle "concedes that he had no contact with any confidential informant or undercover officer." (Dkt. #107, Reply). However, Bickle's "concession" was not so extensive. Bickle merely denies ever having contact with Omar Aguirre, (Dkt. #97, Opposition), not "any" confidential informant or undercover officer. Therefore, Bickle's purported concession is insufficient to preclude an entrapment defense.

In sum, the Court cannot say for sure at this time that Bickle's alleged contacts (or lack thereof) permit or preclude an entrapment defense. The Court therefore denies the Government's motion. However, by denying this motion, the Court in no way indicates that an entrapment instruction will be forthcoming. The Court reserves the right to make that determination at trial.

        **b.**      **Military-Related Character Traits**

Rule 404(a) of the Federal Rules of Evidence allows an accused in a criminal case to offer evidence of his or her pertinent character traits. The Government asks the Court to preclude Bickle from referencing any military-related character traits. The Government essentially argues that any character trait Bickle may have displayed during his military service is *per se* not pertinent to this case. The Court disagrees. The fact that an accused was in the military does not diminish the relevance of pertinent character traits, nor would evidence of such traits confuse the

1  jury. Bickle cannot change the fact that he spent part of his life in the military and he should not
2  be precluded from offering evidence of *pertinent* character traits just because they were displayed
3  during that period of his life. However, the Court, of course, reserves the right to exclude such
4  evidence if the Court finds that it is not pertinent. Therefore, the Court defers ruling on evidence
5  of Bickle's military-related character traits for trial.

6        c.    **Specific Instances of Good Character**

7        Rule 405(b) of the Federal Rules of Evidence allows evidence of specific instances
8  of a person's conduct to be admitted into evidence "[i]n cases in which character or a trait of
9  character of a person is an essential element of a charge, claim, or defense . . . ." The Government
10 argues that a specific instance of Bickle's conduct would not satisfy an element of any charge or
11 potential defenses in this case. However, the Court cannot draw that conclusion until it knows
12 what specific instances of conduct Bickle attempts to introduce and which defenses it intends to
13 rely on. When the Court knows of the nature and circumstances of Bickle's conduct, and what his
14 conduct entailed, it will then be able to compare that conduct to Bickle's defenses and make a
15 determination as to whether that conduct satisfies an element of a defense. At this point, however,
16 the motion is denied as premature.

17                       **CONCLUSION**

18       Accordingly, and for good cause appearing,
19       IT IS HEREBY ORDERED that the Government's Motion in Limine (#90) is
20 DENIED.

21       Dated: August 25, 2011

22  
23                            _____
                              **ROGER L. HUNT**
                              **United States District Judge**

24
25
26