# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA, )
                )
        Plaintiff, )
                )
    vs. )
                )
NICHOLAS BICKLE, )
                )
        Defendant. )
_____)

Case No. 2:10-cr-565-RLH-PAL

**O R D E R**
(Motion for New Trial–#212)

Before the court is Defendant Bickle's **Motion for New Trial** (#212, filed October 21, 2011).  The Court has also considered the United States' Response (#216) and Defendant's Reply (#224).

The Court finds the Motion to be entirely without merit and will deny for the reasons stated below.

Defendant Bickle, a Navy Seal, was charged in a 15-Count Indictment as follows: Count 1: Conspiracy to Unlawfully Receive, Transport, Possess and Transfer Machineguns and Stolen Firearms, and to Deal in Firearms; Count 2: Dealing in firearms Without a License: Aiding and Abetting; Counts 3-8: Unlawful Possession and Transfer of Machineguns and Aiding and Abetting; Counts 9-13: Unlawful Possession, Concealment, Sale and Disposition of Stolen Firearms and Aiding and Abetting; Count 14: Receiving, Concealing and Retaining Property of the United States; and Count 15: Transportation by, and Distribution of Explosives to, a Non-Licensee.

/ / /

1

1    The matter went to a jury trial beginning September 19, 2011.  The jury returned a

2   verdict on October 6, 2011 of Guilty on Counts 1-2, and 5-15.

3    Defendant brings this Motion for New Trial on the following grounds:

4   1.    The trial court erred in refusing to give a requested circumstantial evidence instruction.

5   2.    The trial court erred in admitting improper and prejudicial character evidence.

6   3.    The court improperly admitted testimony of prior bad acts.

7   4.    The trial court erred in excluding evidence of co-conspirators' plea agreements.

8   5.    The court erred in excluding the admission of the Sentencing Guidelines table.

9   6.    The court erred in changing conjunctive language in the indictment to the disjunctive.

10   7.    There was insufficient evidence that any of the firearms set forth in Counts 9-13 were

11        "stolen."

12   **I.    THE LAW**

13    Federal Rule of Criminal Procedure 33(a) provides that, "Upon the defendant's

14   motion, the court may vacate any judgment, and grant a new trial if the interest of justice so requires."

15   While this motion was timely filed, this Court finds that the interest of justice does not require it to

16   vacate the judgment and order a new trial.

17        While the determination as to whether a new trial would be in the
         interest of justice is left to the Court's sound discretion, the Court
18        should not "set aside the verdict simply because it feels that some other
         result would be more reasonable.  Even where errors occur, a new trial
19        should be granted only if the moving party has shown that the error was
         substantial, not harmless, and that the error 'affected  the defendant's
20        substantial rights.'  *United States v. Johnson*, 769 F.Supp. 389-395-96
         (D.D.C.1991).  The evidence must preponderate heavily against the
21        verdict, such that it would be a miscarriage of justice to let the verdict
         stand."  *Unite States v. Martinez*, 763 F.2d 1297, 1312-1313 (11th Cir.
22        1985) (citations omitted) (cited with approval in *United States v.*
         *Edmonds*, 765 F.Supp. 1112, 1118-1119 (D.D.C.1991)).

23

24   *United States v. Walker,* 899 F.Supp. 14, 15 (D.D.C.1995); *accord United States v. Young,* 20011 WL

25   3585511 (D.Nev. 2011) (Criminal Case No. 3:08-CR-0120-LRH-VPC).

26   *///*

2

## II.    ANALYSIS

Defendant merely recites objections and arguments already considered and rejected by the Court.  Defendant has shown neither a substantial error nor a miscarriage of justice.

The Response by the United States, to Defendant's Motion, is an exhaustive, and well-written recitation of the bases for this Court's rulings during trial and the preparation of jury instructions, but expands the issues with a multitude of legal authorities, particularly precedential authorities, which provide the legal justification for this Court's rulings.  Accordingly, the Court, were it to undertake an exhaustive order denying the Motion, finds that it would be merely repeating the language of the Government's Response.  Rather than do so, the Court adopts, and incorporates hereat, the United States' Response *in haec verba* and will address each of Defendant's bases only summarily.

### 1.    Instruction on Circumstantial Evidence

The Court gave the Ninth Circuit Model Criminal Jury Instruction 3.8.  Defendant objects to the Court's refusal to give the following as an add-on to that instruction:

> If the circumstantial evidence permits two reasonable interpretations, one which points to a defendant's guilt and the other to his innocence, you must adopt the interpretation that points to the defendant's innocence, and reject the interpretation that points to his guilt.
>
> If on the other hand, one interpretation of this evidence appears to be reasonable and the other interpretation is unreasonable, you must accept the reasonable interpretation and reject the unreasonable.

Defendant's Proposed Instruction No. 7.

Such an instruction would have improperly encroached upon the exclusive province of the jury to weigh and draw conclusions from the circumstantial evidence.  *Costa v. Desert Palace, Inc.,* 299 F.3d 838, 861 (9th Cir. 2002); *See also e.g., Coffin v. United States*, 162 U.S. 664, 647 (1896).  Furthermore, Defendant does not argue, nor is there any evidence of, that there are **two** reasonable interpretations of the circumstantial evidence.  Rather, he only argues that the instruction given precludes the jury from considering the presumption of innocence.  Such an argument is

1     contradicted by both the law and common sense.

2     **2.      Character Evidence**

3            The character evidence complained of is a photograph taken from Defendant's own

4     camera. Its evidentiary purpose was to show that Defendant had access to AK-47 machine guns while

5     in Iraq, which clearly shows opportunity and feasibility. The picture also shows a drum magazine

6     identical to one found in Defendant Paul's garage in connection with the delivery of items by

7     Defendant Bickle. The gesture he complains of was of his own doing. He had the picture taken of

8     him by his camera. The gesture is so common that it lacks any substantial sexual implications.

9            Furthermore, because Defendant introduced the issue of his character by insisting on

10     wearing his dress blue uniform, arrayed with medals, at each and every day of trial, any error caused

11     by the introduction of the picture which included his gesture, was harmless.

12     **3.      Prior Bad Acts**

13            Defendant complains that the Court permitted evidence that he possessed and

14     transferred machine guns to the producer, Peter Berg, Glen Camarca and a pistol to Morgan Fransk.

15     He forgets that one of the counts charged conspiracy, making possessing and transferring weapons to

16     anyone during this period of time and elements of the crime. And another charged him with engaging

17     in the business of dealing in firearms. These actions are clearly intertwined with the other activities

18     alleged in the indictment and are not evidence of other bad acts as defined in Federal Rule of

19     Evidence 404(b).

20     **4.      Excluding Plea Agreements**

21            The plea agreements complained about were plea agreements entered into by two co-

22     Defendants who did not testify and the statements were not made under oath. The only statements

23     they made were made early in the investigation which were recorded by wire and video, and which

24     were statements made to an undercover officer while negotiating the sale of firearms. The plea

25     agreements were entered into months later and could have no effect on the veracity of prior statements

26     made without their knowledge of their being recorded.

1    Since neither of these co-Defendants testified, and neither were subject to cross-

2 examination, is Defendant Bickle saying their comments are subject to impeachment because they

3 later admitted to the charges and pled guilty?  There is no evidence that their statements were

4 influenced by the plea agreements, or the hope lighter sentences if they made the statements to the

5 undercover officer before they even knew he was an undercover officer.

6 **5.       Sentencing Guidelines Table**

7    Defendant objects to the Court's refusal to admit the Sentencing Guidelines table to

8 contradict Defendant Paul's testimony about what he expected the benefit to be of his cooperation.

9 His testimony was clear.  And, it was not based upon the Sentencing Guidelines.  He said there was an

10 agreement outside of the plea agreement that the United States would argue for a reduction of five

11 years off his sentence as calculated by the Guidelines.

12    The jury would have had no idea what to do with the Sentencing Guideline table.  It

13 would have been confusing and misleading.  There was no foundation laid for it and noone to testify

14 regarding it.  Permitting counsel to comment on it would be inadmissable testimony by the attorney.

15 **6.       Conjunctive Language *versus* Disjunctive Language**

16    The Government's Opposition more than adequately addresses this issue.  Suffice it to

17 say that were the law otherwise, it would require the multiplication of the counts against the

18 Defendant, to his prejudice.  He would have to be charged with the actions as to each weapon and

19 each package of C-4, rather than merely facing charges as to each event which involved multiple

20 weapons.  The law provides that he can be found guilty of trafficking of any one of the firearms

21 involved in each event, but can only be found guilty of the event, regardless of whether it involved

22 one or five weapons.  Thus, the jury can find him guilty of the charge even if it involves only one

23 firearm, and not every firearm.  *See United States v. Wiga*, 662 F.2d 1325, 1336 (9th Cir. 1981);

24 *United States v. Szalkiewicz*, 944 F.2d 653 (9th Cir. 1991).

25 / / /

26 / / /

1   **7.     Sufficient Evidence**

2           This argument goes to whether there is sufficient evidence for the jury to find that the

3   Ruger 9mm pistols in question were stolen.  The circumstantial evidence is overwhelming.  There is a

4   paper trial showing the weapons were purchased for and delivered to Iraq's Security Forces (tabs with

5   inventory numbers were still affixed to several  of the pistols).  There was testimony that Defendant

6   Bickle was not authorized to purchase or possess those weapons.  Contrary to Defendant's counsel's

7   recollection, while the Iraqis would often return *confiscated* weapons to U.S. military personnel.

8   There was no evidence that they surrendered their own weapons to the United States.  Furthermore,

9   any weapons turned over to the United States military would have been in the custody of the U.S.

10  military, not the personal property of Bickle.

11  **III.    CONCLUSION**

12          Defendant Bickle has provided no basis for this Court to vacate the jury's verdict or

13  grant a new trial.  There is no danger that a miscarriage of justice did, has, or will occur.

14          IT IS THEREFORE ORDERED that Defendant Bickle's **Motion for New Trial**

15  (#212) is DENIED.

16          Dated: November 22, 2011.

17

18                                                    _____

19                                                    **Roger L. Hunt**
                                                      **United States District Judge**

20

21

22

23

24

25

26