# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:10-cr-00565-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Vacate – #329) |
| NICHOLAS BICKLE, | |
| Defendant. | |

Before the Court is Defendant Nicholas Bickle's ("Bickle") **Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody** ("Motion") (#329, filed July 6, 2015). The Court has also considered the United States' Response (#331, filed Aug. 18, 2015) and Bickle's Reply (#336, filed Nov. 20, 2015). For the reasons discussed below, the Court denies Bickle's Motion.

## BACKGROUND

Bickle was indicted in a fifteen-count Third Superceding Indictment on August 30, 2011 (#149). On October 7, 2011 a jury convicted Bickle on charges of conspiracy to unlawfully receive, transport, possess and transfer machineguns and stolen firearms and to deal in firearms (count 1), dealing in firearms without a license, and aiding and abetting (count 2), unlawful possession and transfer of machineguns, and aiding and abetting (counts 5-8), unlawful possession, concealment, sale, and disposition of stolen firearms, and aiding and abetting (counts 9-13), receiving, concealing, and retaining property of the United States Government (count 14), and transportation by and distribution of explosives to a non-licensee (count 15) (#193). On July

17, 2012 the Court sentenced Bickle to a total of 210 months of imprisonment (#264). The Ninth Circuit Court of Appeals affirmed Bickle's conviction and sentence on March 31, 2014. *United States v. Bickle*, 566 F. App'x 589 (9th Cir. 2014).

Bickle now appears *pro se* and moves this Court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. As grounds for the Motion, Bickle claims: (1) he received ineffective assistance of counsel at trial and sentencing; and (2) his appellate counsel rendered ineffective assistance of counsel.

## DISCUSSION

### I.     Ineffective Assistance of Counsel (Ground One)

Bickle alleges he received ineffective assistance of counsel at trial and sentencing. James F. Pokorny, Esq. represented Bickle at trial (#329 at 10). John Arrascada, Esq., in association with Mr. Pokorny, represented Bickle at sentencing (*Id*.; #225).

Bickle supports his ineffective assistance of counsel claim with a list of twenty-three allegations covering nearly every aspect of his attorneys' performances:

> Counsel failed to investigate and make use exculpatory evidence; failed to investigate, interview and call witnesses who would have supported the defense; failed to object to duplicitous, multiplicitous, facially insufficient and/or otherwise defective counts of the indictment; failed to investigate and present evidence of [Bickle's] PTSD, traumatic brain injury and/or service-related disabilites; failed to investigate and present proof of evidence tampering; failed to make appropriate pretrial motions and motions in limine; failed to respond effectively to the Government's motions in limine including but not limited to its motion to preclude an entrapment defense; failed to make an effective opening statement; failed to effectively cross-examine Government witnesses; failed to obtain documents and other evidence, and/or make use of documents and evidence in his possession, to conduct cross examination; failed to object to inadmissable evidence; failed to object to trial errors; failed to object to defective jury instructions; failed to present an adequate defense case; failed to put before the jury certain documents and evidence supportive of the defense; failed to make an effective closing statement; failed to make effective post-trial motions; failed to make proper objections to the presentence report; failed to make an effective presentation of mitigating factors at sentencing; failed to make an effective response to the Government's sentencing memorandum; failed to conduct effective oral advocacy at sentencing[;] failure to obtain complete discovery; failure to correct misrepresentation made at trial.

## A.     Legal Standard

The range of competence demanded of attorneys in criminal cases is determined by the two-pronged test defined in *Strickland v. Washington*, 466 U.S. 668 (1984). To satisfy the first prong, the § 2255 movant must demonstrate that counsel's conduct was constitutionally deficient such that it fell below an objective standard of reasonableness. *Id*. at 688. "Judicial scrutiny of counsel's performance must be highly deferential" and there is a strong presumption that counsel's performance fell within a "wide range of professional assistance." *Id*. at 689. Because counsel's competence is presumed, a movant must rebut this presumption by proving that his counsel's representation was unreasonable under prevailing professional norms at the time of the alleged error and in consideration of all the circumstances. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

To satisfy the second prong, the defendant must demonstrate that counsel's deficient performance prejudiced him. *Strickland*, 466 U.S. at 687. The defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. This reasoned probability of a different result must rest on specific facts and record evidence, not conclusory allegations or speculation. *See Gonzalez v. Knowles*, 515 F.3d 1006, 1015-16 (9th Cir. 2008) (explaining that speculation is insufficient to establish prejudice). The burden is undoubtedly on the movant and unless he proves both prongs, his claim fails. *Strickland*, 466 U.S. at 687.

## B.     Analysis

Bickle has not supported his claim with sufficient argument, statements of specific facts, or citations to the trial record. Rather, the twenty-three allegations supporting the claim are merely cursory assertions without a specific explanation of the facts and evidence that demonstrate his attorneys' performances fell outside of the wide range of reasonable professional assistance, or that the alleged deficiencies caused the outcome of the proceedings to be unworthy of confidence.

*James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (citation omitted) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief"); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995) (noting "conclusory suggestions" do not state a valid claim of ineffective assistance of counsel); *Jackson v. Calderon*, 211 F.3d 1148, 1154-55 (9th Cir. 2000) (holding that a failure to state specific facts results in a failure to demonstrate prejudice).

As discussed below, Bickle has not met his burden of supporting an ineffective assistance of counsel claim at trial or sentencing. Nor is Bickle entitled to an evidentiary hearing under 28 U.S.C. § 2255, which explains that a hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." The Ninth Circuit articulates this standard as "requiring an evidentiary hearing where the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (citation and internal quotation marks omitted). "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (citation and internal quotation marks omitted). Here, Bickle's allegations are conclusory and lack sufficient factual support to establish either of *Strickland*'s prongs. Therefore, given the record before the Court no hearing is required.

**Indictment**

Bickle asserts that Mr. Pokorny failed to "object to duplicitous, multiplicitous, facially insufficient and/or otherwise defective counts of the indictment." This assertion is conclusory because Bickle did not identify which counts of the Third Superceding Indictment were defective or how Mr. Pokorny acted unreasonably by not objecting to the unidentified defects. Bickle's speculative opinion without any supporting facts does not suffice to establish he was prejudiced by any alleged deficient performance. *James*, 24 F.3d at 26. Thus, Bickle has not met his burden of establishing ineffective assistance of counsel on this basis.

///

///

4

**Evidence Tampering**

Bickle asserts that Mr. Pokorny failed to "investigate and present proof of evidence tampering." Bickle's claim is conclusory because he did not submit any explanation identifying what evidence he alleges was tampered with; what proof of evidence tampering would have been uncovered had an investigation been conducted; or how proof of evidence tampering would have aided his defense. Without any specific factual support, Bickle's speculative opinion does not suffice to establish deficient performance or resulting prejudice therefrom. *Id*.; *Jones*, 66 F.3d at 205. Thus, Bickle has not met his burden of establishing ineffective assistance on this basis.

**Exculpatory Evidence**

Bickle asserts that Mr. Pokorny failed to "investigate and make use of exculpatory evidence" and to "investigate, interview and call witnesses who would have supported the defense." The Ninth Circuit has explained that "[w]hile a lawyer is under a duty to make reasonable investigations, a lawyer may make a reasonable determination that particular investigations are unnecessary." *Leavitt v. Arave*, 646 F.3d 605, 609 (9th Cir. 2011) (citation omitted). To prove deficient performance, a movant must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscious advocate would not have made." *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985).

Here, Bickle's allegations are insufficient to support his claim. The allegations are conclusory because Bickle did not submit any explanation identifying what exculpatory evidence Mr. Pokorny failed to reasonably investigate; what additional exculpatory evidence would have been uncovered had an investigation been completed; how this unidentified evidence would have been favorable to the defense; or how Mr. Pokorny otherwise failed to "make use" of the unidentified evidence. Nor did Bickle identify the witnesses that should have been interviewed and called, much less explain what the particular witnesses would have testified to at trial, or how that testimony might have altered the outcome. *See United States v. Murray*, 751 F.2d 1528, 1535 (9th Cir. 1985) (rejecting claim that counsel ineffectively failed to call defense witness where

5

movant did not identify any witnesses that his counsel should have called); *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980) ("[m]ere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation."). Bickle's speculative opinion without any additional factual support is therefore insufficient to establish that Mr. Pokorny's performance fell below an objective standard of reasonableness, or that the allegedly deficient performance caused Bickle prejudice. *James*, 24 F.3d at 26; *Jones*, 66 F.3d at 205.

Bickle additionally asserts that Mr. Pokorny failed to obtain complete discovery. Bickle expounds upon this argument in his Reply, arguing that Mr. Pokorny "failed to request complete ATF reports reguarding (sic) undercover operations in Fallon, Nevada that would have assisted in [his] defense." However, Bickle failed to identify what evidence was contained in the reports or how this information could have "assisted" with his defense. Without providing a statement of specific facts, Bickle's conclusory allegations do not suffice to demonstrate deficient performance or any prejudice resulting therefrom. *Id.*; *Jones*, 66 F.3d at 205.

In sum, in light of the strong presumption that counsel's conduct fell within a wide range of reasonable assistance, and the substantial evidence presented against Bickle, the Court cannot conclude that Bickle did not receive a fair trial based on his unsubstantiated allegations attacking nearly every aspect of Mr. Pokorny's conduct regarding the collection and use of exculpatory evidence. *See Downs v. Hoyt*, 232 F.3d 1031, 1038 (9th Cir. 2000) (citation omitted) ("The question is not whether the verdict would more likely than not have been different, but whether the defendant received a fair trial, understood as a trial resulting in a verdict worthy of confidence."). Accordingly, Bickle has not met his burden of establishing ineffective assistance of counsel on these bases.

**Pretrial Motions and Motions in Limine**

Bickle asserts that Mr. Pokorny "failed to make appropriate pretrial motions and motions in limine." This assertion is conclusory because Bickle did not specify what the bases of any such motions would have been. Bickle also failed to explain what was not "appropriate" about

1  the various pretrial motions and motions in limine Mr. Pokorny did make on his behalf.  Without
2  specific factual allegations, Bickle cannot demonstrate that Mr. Pokorny's performance fell below
3  an objective standard of reasonableness or that, but for Mr. Pokorny's alleged failure, the Court
4  would have granted the motions and the result of the proceeding would have been different.
5  *James*, 24 F.3d at 26; *Jones*, 66 F.3d at 205.

6  Additionally, Bickle argues that Mr. Pokorny failed to "effectively respond" to the
7  Government's motions in limine.  Here, Bickle referred to the Government's motion in limine to
8  preclude an entrapment defense (#90).  However, Bickle cannot show prejudice because, after
9  considering the briefing, the Court denied the motion finding it was too early to determine whether
10 an entrapment defense should be precluded (#148).  The Court is unaware of any additional
11 motion in limine by the Government to preclude an entrapment defense.  Thus, Bickle has not met
12 his burden of establishing ineffective assistance of counsel on these bases.

13 **Presentation of Defense Case**

14 Bickle asserts that Mr. Pokorny failed to "present an adequate defense case."
15 Counsel's failure to present an adequate defense may constitute ineffective assistance, but Bickle
16 failed to specify here what was not "adequate" with the presentation of the defense.  Moreover,
17 Bickle's contention is based on vague and cursory speculations about what Mr. Pokorny could
18 have done, rather than the reasonableness of what he actually did.  *See Babbitt v. Calderon*, 151
19 F.3d 1170, 1174 (9th Cir. 1998) (rejecting ineffective assistance claim "predicated upon showing
20 what defense counsel could have presented, rather than upon whether counsel's actions were
21 reasonable").  Thus, Bickle's conclusory allegations do not suffice to show either deficient
22 performance or any prejudice resulting therefrom.  *James*, 24 F.3d at 26; *Jones*, 66 F.3d at 205.

23 Bickle additionally asserts that Mr. Pokorny failed to make "effective" opening and
24 closing statements at trial.  The Court recalls, however, that Mr. Pokorny presented well-prepared
25 opening and closing statements that were consistent with one another, as well as the defense case
26 presented at trial.  Bickle's allegation is also conclusory because he did not identify what was not

AO 72
(Rev. 8/82)

1   "effective" with Mr. Pokorny's performance. To the extent Bickle criticizes Mr. Pokorny's trial
2   strategy, he fails to explain how his conduct fell outside of the range of reasonable professional
3   assistance. *Gustave*, 627 F.2d at 904. Nor does Bickle's unsupported opinion demonstrate that
4   any prejudice resulted from the alleged deficient performance. *James*, 24 F.3d at 26.

5         Bickle additionally asserts that Mr. Pokorny failed to "effectively" cross-examine
6   the Government's witness. The Court recalls, however, that Mr. Pokorny cross-examined each of
7   the United States' witnesses. Moreover, the allegation is conclusory because Bickle did not
8   identify which of the witnesses were not "effectively" cross-examined. "Counsel's tactical
9   decisions at trial, such as refraining from cross-examining a particular witness or from asking a
10  particular line of questions, are given great deference." *Dows v. Wood*, 211 F.3d 480, 487 (9th Cir.
11  2000) (citation omitted). Bickle's opinion that Mr. Pokorny could have been more "effective" is
12  not supported by the record or any specific facts and, therefore, is not sufficient to overcome the
13  presumption that Mr. Pokorny's cross-examination of the United States' witnesses constituted
14  reasonable professional assistance. Nor does it establish that any prejudice resulted from the
15  alleged deficient performance. *James*, 24 F.3d at 26.

16        Bickle additionally asserts that Pokorny failed to "use documents and evidence in
17  [his] possession" and "put before the jury certain documents and evidence supportive of the
18  defense case." Bickle's assertion is not supported by any specific statement of facts and, therefore,
19  does not suffice to show that Mr. Pokorny's performance was deficient or that any prejudice
20  resulted therefrom. *Id.*; *Jones*, 66 F.3d at 205. To the extent that Bickle refers to certain
21  investigations where he was allegedly solicited to sell weapons by undercover agent but decided
22  not to complete the sales, he failed to explain how this evidence is exculpatory in light of the fact
23  that he did participate in sales with other undercover agents (*See* #334 at 1). Bickle also fails to
24  explain how any strategic decisions Mr. Pokorny made with respect to this evidence fell outside of
25  the wide range of reasonable professional assistance. *Gustave,* 627 F.2d at 904.
26  / / /

In sum, in light of the strong presumption that counsel's conduct fell within a wide range of reasonable assistance, and the substantial evidence presented against Bickle, the Court cannot conclude that Bickle did not receive a fair trial based on his bare allegations attacking virtually every aspect of Mr. Pokorny's performance at trial. Accordingly, Bickle has not met his burden of establishing ineffective assistance of counsel on these bases.

**Objection to Trial Errors and Inadmissible Evidence**

Bickle asserts that Mr. Pokorny failed to object to "inadmissible evidence," "trial errors," and a "misrepresentation made at trial." These assertions are conclusory because Bickle failed to identify the errors and evidence. Moreover, "[a]n attorney's failure to object to the admission of inadmissible evidence is not necessarily ineffective" but may be sound trial strategy and the movant must overcome this presumption. *Morris v. California*, 966 F.2d 448, 456 (9th Cir. 1991). Without providing any specific statement of facts supporting his allegations, Bickle cannot overcome the presumption that Mr. Pokorny's decision to not object to these unidentified trial errors and inadmissible evidence was sound trial strategy. Thus, Bickle has not met his burden of establishing ineffective assistance of counsel on this basis.

**Objection to Jury Instructions**

Bickle asserts that Mr. Pokorny failed to object to "defective jury instructions." This assertion is conclusory because Bickle failed to identify which jury instructions were defective. Without providing any specific statement of facts supporting his allegation, Bickle's conclusory opinion does not suffice to show Mr. Pokorny's performance fell below an objective standard of reasonableness, or that the allegedly deficient performance caused Bickle prejudice. *James*, 24 F.3d at 26; *Jones*, 66 F.3d at 205. Thus, Bickle has not met his burden of establishing ineffective assistance of counsel on this basis.

**Post-Trial Motions**

Bickle asserts that Mr. Pokorny failed to "make effective post-trial motions." However, Mr. Pokorny filed a motion for a new trial based on several grounds (#212). After

AO 72
(Rev. 8/82)

reviewing the briefing, the Court denied the motion (#227).  The fact that the Court denied the motion alone does not establish deficient performance.  Nor did Bickle provide specific argument identifying any other motions or issues that should have been raised.  Moreover, Bickle did not provide any specific statement of facts establishing that, but for Mr. Pokorny's alleged ineffective performance, the result of the motion would have been different.  *Id*.  Accordingly, Bickle has not met his burden of establishing ineffective assistance on this basis.

**Objection to Pre-Sentence Report ("PSR")**

Bickle asserts that Mr. Arrascada failed to make "proper objections" to the PSR.  However, this assertion is belied by the record because Mr. Arrascada submitted a sentencing memorandum (#259) objecting to certain Guideline calculations contained in the report.

To the extent that Bickle argues these specific objections were not "proper," this assertion is speculative because Bickle fails to identify how Mr. Arrascada's performance fell below an objective standard of reasonableness.  The fact that the Court did not accept Mr. Arrascada's argument alone does not establish deficient performance.  Nor did Bickle identify any other objections Mr. Arrascada should have, but failed, to make with respect to the PSR.  Even if Bickle could show deficient performance, he did not provide any specific statement of facts establishing that but for Mr. Arrascada's alleged deficient performance, the result of the proceeding would have been different.  *Id*.  Accordingly, Bickle has not met his burden of establishing ineffective assistance of counsel on this basis.

**Response to Sentencing Memorandum**

Bickle asserts that Mr. Arrascada failed to "make an effective response to the Government's sentencing memorandum."  However, the United States did not submit a sentencing memorandum, but rather responded to Bickle's sentencing memorandum (#260).  Mr. Arrascada responded to the United States' argument orally at the sentencing hearing.  Bickle fails to identify how Mr. Arrascada's performance fell below the range of reasonable professional assistance.  Without providing any specific statement of facts supporting his allegation, Bickle's conclusory

allegations do not suffice to show deficient performance or any prejudice resulting therefrom. *Id.*; *Jones*, 66 F.3d at 205. Thus, Bickle has not met his burden of establishing ineffective assistance of counsel on this basis.

**Investigation and Presentation of Mitigating Factors at Sentencing**

Bickle asserts that Mr. Arrascada failed to investigate and "effective[ly]" present evidence at sentencing of Bickle's post-traumatic stress disorder ("PTSD"), traumatic brain injury ("TBI"), and other service-related disabilities as factors mitigating his culpability. Bickle expounds upon this assertion in his Reply, arguing that Mr. Arrascada was aware of these diagnoses but that he failed to adequately investigate them through brain scans and psychological testing. Bickle also alleges that Mr. Arrascada failed to effectively demonstrate how the PTSD and TBI caused Bickle to have a reduced mental capacity affecting his decision-making and emotional well-being.

Bickle's attorneys obviously conducted some investigation into his PTSD diagnosis because Mr. Arrascada argued for a downward departure from the Sentencing Guidelines based on Bickle's alleged PTSD-induced diminished mental capacity. Mr. Arrascada provided the Court with a report of Bickle's chronic PTSD diagnosis; however, because Bickle was not diagnosed until after the criminal proceedings had been initiated, the Court noted there was no way to determine if the mental distress was present when the crimes occurred, or it if was induced when Bickle was criminally charged. Moreover, the diagnosis report did not provide any indication that Bickle suffered from a reduced ability to differentiate between right and wrong.

Beyond his own conjecture, Bickle failed to provide any concrete explanation or argument as to how Mr. Arrascada's investigation and presentation of this evidence fell outside of the wide range of reasonable professional assistance. Nor did he expound on what *specific* mitigating evidence of reduced mental capacity his attorneys should have uncovered (as it relates to him) and presented to the Court had they conducted a more thorough investigation into his PTSD and preliminary TBI diagnoses.

Even if Mr. Arrascada's alleged failures constitute deficient performance, Bickle has not established that, but for the alleged errors, the Court would have determined a downward departure was warranted. Specifically, as the Court noted at the sentencing hearing, the record does not support that at the time Bickle committed the crimes he suffered from a diminished capacity to make decisions or understand the nature of his actions based on PTSD or any other service-related disability. To the contrary, based on the evidence presented at trial, the Court found that although Bickle may have been unsophisticated at committing the crimes, he still: (1) planned his conduct and participated in multiple illegal weapons transactions with the co-conspirators, rather than a single spontaneous act; (2) took steps to conceal the weapons; (3) attempted to protect his own involvement by not physically participating in the transactions, indicating that Bickle understood the illegal nature of the conduct; and, finally (4) rather than taking a passive role, Bickle actively directed and approved of the co-conspirators' activities.[1]

Bickle's bare assertion that Mr. Arrascada could have more "effectively" presented the mitigating evidence by providing a more detailed argument as to his service-related disabilities is, therefore, unavailing. Specifically, Bickle failed to provide any argument as to how a more detailed presentation of his service-related disabilities would have caused the Court to find that a downward departure was warranted based on Bickle's diminished mental capacity *at the time* the crimes occurred. This is because there is still no evidence that Bickle suffered from any service-related disability affecting his ability to understand or appreciate the nature of his conduct when he actually planned and committed the crimes. Nor did Bickle provide any specific statement of facts supporting his allegations beyond his own speculation, and this is not sufficient to establish that prejudice occurred. *James*, 24 F.3d at 26. Thus, Bickle has not met his burden of establishing ineffective assistance of counsel on this basis.

---

[1] The Ninth Circuit also found that regardless of when the onset of PTSD occurred, the record demonstrated that "Bickle carefully planned his crimes" and that PTSD "may mitigate culpability for spontaneous criminal conduct but usually cannot mitigate culpability for carefully planned conspiratorial conduct like these crimes." *Bickle*, 566 F. App'x at 590.

Bickle additionally asserts that Mr. Arrascada failed to "conduct effective oral advocacy" at the sentencing hearing. This assertion is conclusory because Bickle failed to identify what was not "effective" with the oral advocacy. Without providing any specific statement of facts supporting his allegation, Bickle's conclusory opinion does not suffice to show either deficient performance or any prejudice resulting therefrom. *Id*.; *Jones*, 66 F.3d at 205. Thus, Bickle has not met his burden of establishing ineffective assistance of counsel on this basis.

## II.     Ineffective Assistance of Counsel (Ground Two)

Bickle claims his appellate counsel, Todd M. Leventhal, Esq., rendered ineffective assistance of counsel:

> (1) Counsel failed to raise and effectively argue numerous meritorious issues on appeal, including but not limited to the failure to give a requested circumstantial evidence instruction; the admission of improper and prejudicial character evidence; improper admission of testimony concerning prior acts; exclusion of testimony regarding co-conspirators' plea agreements; sufficiency of the evidence that the firearms charged in Counts 9-13 were stolen; improper preclusion of the entrapment defense; ineffective assistance of counsel; and other meritorious issues apparent from the record.

> (2) Counsel failed to effectively argue the issues that were raised.

### A.     Legal Standard

Claims of ineffective assistance of appellate counsel are reviewed according to *Strickland*'s two-prong test. *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989). The presumption that counsel's performance fell within the wide range of reasonableness is even stronger for appellate counsel because he has a wider discretion in weeding out weaker issues: doing so is widely recognized as one of the hallmarks of effective appellate assistance. *Id*. at 1434. Appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant. *Id*. at 1434 n.10 (citation omitted). Moreover, a "failure to raise untenable issues on appeal does not fall below the *Strickland* standard." *Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002). Thus, even if appellate counsel declines to raise weak issues, he will likely remain above an objective standard of competence and will have caused no prejudice.

**B.      Analysis**

In subclaim (1), Bickle alleges that Mr. Leventhal failed to raise various issues on appeal that were addressed during the course of the trial, as well as ineffective assistance of counsel, preclusion of an entrapment defense, and other "meritorious" issues. Without providing any specific statement of facts supporting these claims, Bickle's conclusory allegations do not suffice to show how Mr. Leventhal's performance fell below an objective standard of reasonableness, or how his alleged deficient performance prejudiced Bickle's chance for a successful appeal. *James,* 24 F.3d at 26; *Jones*, 66 F.3d at 205. Moreover, Bickle raised a number of these issues in his Motion for New Trial (#212) before the Court.[2] After reviewing the briefing and the Court's order, as well as the trial record, a reasonable attorney could decide these were weak issues that would only serve to distract the appellate court from the more meritorious issues on appeal. Without more than Bickle's unsubstantiated assertions, the Court will not second-guess Mr. Leventhal's decisions not to raise such claims on appeal. Accordingly, Bickle has not met his burden of establishing ineffective assistance of counsel on any of these bases.

In subclaim (2), Bickle asserts that Mr. Leventhal was ineffective because he failed to "effectively argue the issues that were raised." Bickle's assertion, however, is conclusory because he failed to explain what was not "effective" with Mr. Leventhal's argument. Without a specific statement of facts supporting this claim, Bickle cannot demonstrate deficient performance or prejudice. *Id*. Nor will the Court second-guess the decisions Mr. Leventhal made in presenting the appeal to the Ninth Circuit. Accordingly, Bickle has not met his burden of establishing ineffective assistance of counsel on this basis.

/ / /

/ / /

---

[2] The issues include: failure to give a circumstantial evidence instruction; admission of improper and prejudicial character evidence; improper admission of prior acts; exclusion of co-conspirators' plea agreements; and sufficiency of the evidence that the firearms were stolen.

14

Finally, Bickle again fails to provide specific factual support to supplement his conclusory allegations. *Leonti*, 326 F.3d at 1116; *Johnson*, 988 F.2d at 945. Thus, given the record before the Court no evidentiary hearing is required.

### III.  Certificate of Appealability

Where a district court denied relief on a motion under § 2255, "the petitioner may not appeal that denial without first obtaining a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). To obtain a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right" of each challenged issue. *Id*. (citing 28 U.S.C. § 2253(c)(2), (3)). Here, as the Court explained above, Bickle has not shown deficient performance or prejudice on any of the allegations he posited as support for his ineffective assistance of counsel claims. This is not a substantial showing of a denial of a constitutional right as required by § 2253. Accordingly, the Court declines to issue a certificate of appealability.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant Nicholas Bickle's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#329, filed July 6, 2015) is DENIED.

Dated: January 13, 2016.

_____
**ROGER L. HUNT**
**United States District Judge**