UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                              )<br>                    Plaintiff, )<br>       vs.                   )<br>                              )<br>NICHOLAS BICKLE,              )<br>                              )<br>                    Defendant. )<br>                              ) | Case No.: 2:10-cr-00565-GMN-PAL-1<br><br>**ORDER** |

Pending before the Court is the Motion for Sentence Reduction ("MSR") under 18 U.S.C. 3582(c)(1)(A), (ECF No. 352), filed by Defendant Nicholas Bickle ("Defendant"). Defendant seeks appointment of counsel to assist with his Motion for Sentence Reduction. (*Id.* at 1, 23).

Pursuant to this Court's General Order 2020-06, the Federal Public Defender's ("FPD") office is "appointed to represent a defendant if the defendant files a *pro se* section 3582(c)(1)(A) motion[,]" as Defendant has done so here. (General Order 2020-06, *Compassionate Release Requests Under the First Step Act*, https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/General-Order-2020-06-re-FIRST-STEP-Act.pdf (last visited June 13, 2023). Upon appointment, General Order 2020-06 obligates the FPD office to either "file a supplement to the defendant's *pro se* motion within seven days" or file a notice within three days explaining that a defendant's motion needs no supplementation. *Id.* General Order 2020-06 further clarifies that if the FPD has a "prohibitive conflict and may not represent an individual defendant seeking compassionate release where FPD determines the motion would not be frivolous, FPD will file a motion requesting that CJA counsel be appointed[.]" *Id.*

Defendant's Motion was filed on May 8, 2023. (*See generally* MCR). To date, the FPD has not submitted any of General Order 2020-06's required filings. This decision or omission

is likely attributable to the circumstances surrounding the FPD's limited representation of Defendant regarding his Motion to Vacate Under 28 U.S.C. § 2255 ("§ 2255 Mot."). (§ 2255 Mot, ECF No. 330). Defendant's § 2255 Motion argued his conviction should be vacated in light of the Supreme Court's decisions in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and *United States v. Davis*, 139 S. Ct. 2319 (2019). Pursuant to this Court's General Order 2019-06, the FPD was presumptively appointed to represent a defendant raising a *Rehaif* or *Davis* challenge. (General Order 2019-06, *Petitions for Retroactive Application of* Rehaif *and* Davis, https://www.nvd.uscourts.gov/wp-content/uploads/2019/09/GO2019-06.pdf (last visited June 13, 2023). General Order 2019-06 provided that "if the FPD has a prohibitive conflict and may not represent an individual defendant, the FPD will file a motion requesting that CJA counsel be appointed to represent the defendant for the *Rehaif* or *Davis* litigation." (*Id.*).

The FPD's office filed a Motion to Withdraw as Defendant's Attorney for his § 2255 Motion, explaining that it "ha[d] a prohibitive conflict of interest in this matter" and requesting the Court appoint CJA counsel for Defendant's "*Rehaif* and/or *Davis*" challenge(s). (*Id.* 2:14–17, 24). The Court granted the FPD's Motion to Withdraw as Attorney, (ECF No. 341), and subsequently appointed CJA counsel for "the limited purpose of determining whether" Defendant was entitled to relief under § 2255. (Order Appointing CJA Counsel 1:12–15, ECF No. 342). Despite the Court denying Defendant's § 2255 Motion, (Order, ECF No. 348), his CJA appointed counsel for his § 2255 Motion did not withdraw and is still listed as his counsel of record in this case.

The Court now seeks to clarify this procedural backdrop. General Order 2020-06 and General Order 2019-06 serve distinct purposes and impose separate obligations on the FPD. The FPD's Motion to Withdraw as Defendant's Attorney was limited to responding to General Order 2019-06. If the prohibitive conflict identified in the FPD's Motion to Withdraw as Defendant's Attorney also prevents it from representing Defendant in his Motion for Sentence

Reduction, the FPD must comply with General Order 2020-06 by filing a separate motion requesting that CJA counsel be appointed.  To be clear, Defendant was appointed CJA counsel only as to his § 2255 Motion.  He does not have counsel for his pending Motion for Sentence Reduction.  The FPD's response is needed to determine whether it will serve as a counsel, or appointment of another CJA attorney is necessary.

Accordingly,

**IT IS HEREBY ORDERED** that pursuant to General Order 2020-06, the FPD's office **must file by Friday June 30, 2023** either: a supplement to Defendant's Motion for Sentence Reduction, (ECF No. 352), a notice that no supplementation is necessary, or a notice that the FPD has a prohibitive conflict thereby requiring the appointment of CJA counsel.  The Clerk of Court shall provide a copy of this Order to the FPD.

**DATED** this __15__ day of June, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court