UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NICHOLAS BICKLE, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:10-cr-00565-GMN-PAL-1 <br><br> **ORDER** |

Pending before the Court is the Motion for Sentence Reduction ("MSR"), (ECF No. 352), filed by Defendant Nicholas Bickle ("Defendant"). The Government filed a Response, (ECF No. 354), to which Defendant filed a Reply, (ECF No. 359).

Further pending before the Court is Defendant's unopposed Motion to Seal, (ECF No. 356).

For the reasons discussed below, the Court **DENIES** Defendant's Motion for Sentence Reduction and **GRANTS** his Motion to Seal.[1]

I. **BACKGROUND**

On October 7, 2011, a jury found Defendant guilty of Counts 1, 2, and 5–15 of the Third Superseding Indictment: (1) Conspiracy to Unlawfully Receive, Transport, Possess and Transfer Machineguns and Stolen Firearms, and to Deal in Firearms in violation of 18 U.S.C. § 922(a), (j) & (k) and 26 U.S.C. §§ 5861(d), (j), and (k), in violation of 18 U.S.C. § 371; (2) Dealing in Firearms Without a License; Aiding and Abetting, in violation of 18 U.S.C. §§

---

[1] The Exhibit Defendant seeks to seal contains his confidential medical records. Accordingly, the Court finds good cause to seal Exhibit A of his Reply (ECF No. 359), the exhibit containing his medical records. *See, e.g., United States v. Prince*, No. 2:16-cr-00225, 2023 WL 205501, at *1 n.2 (D. Nev. Jan. 17, 2023) (finding the defendant's privacy interest in his own medical records to be a sufficiently compelling reason to seal the medical records themselves").

922(a)(1)(A) and (2); (5)–(8) Unlawful Possession and Transfer of Machineguns; Aiding and Abetting, in violation of 18 U.S.C. §§ 922(o) and 2; (9)–(13) Unlawful Possession, Concealment, Sale and Disposition of Stolen Firearms; Aiding and Abetting, in violation of 18 U.S.C. §§ 922(j) and 2; (14) Receiving, Concealing and Retaining Property of the United States Government, in violation of 18 U.S.C. § 641; and (15) Transportation by, and Distribution of Explosives, to a Non-Licensee, in violation of 18 U.S.C. § 842(a)(3). (Mins. Proceedings, ECF No. 191); (J., ECF No. 264).  The Court sentenced Petitioner to 60-months custody each for Counts 1 and 2, to run concurrently; 120-months custody each for Counts 5–14, to run concurrently; and 90-months custody for Count 15, to run consecutively to the preceding counts, for a total of 210-months custody. (J., ECF No. 264).  On May 8, 2023, Defendant filed the instant Motion for Sentence Reduction, (ECF No. 352), which the Court discusses below.

## II.     LEGAL STANDARD

"The court may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824 (2010).  "[T]his general rule is subject to several exceptions, one of which provides courts the discretion to grant a prisoner compassionate release when certain conditions are met." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (per curiam) (citing 18 U.S.C. § 3582(c)(1)(A)).

Previously, only the Bureau of Prisons ("BOP") Director could file a motion under 18 U.S.C. § 3582(c)(1)(A) on an inmate's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam).  As part of the First Step Act of 2018, however, "Congress amended § 3582(c)(1)(A) to also allow a defendant to seek a reduction directly from the court, provided that the defendant first seeks a reduction from the BOP and that request has either been denied or 30 days have passed. *Id.* (citing First Step Act of 2018, Pub. L. No. 115-391, Title VI, sec. 603(b)(1), 132 Stat. 5194, 5239 (2018)).

///

If a district court decides that an inmate has satisfied 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement, the court proceeds to determine whether: (1) "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i); (2) "such a reduction in sentence is consistent with applicable statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A); and (3) the sentence reduction is warranted under applicable 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A). The absence of any of these requirements is sufficient to deny a motion for compassionate release. *Keller*, 2 F.4th at 1284 ("[A] district court that properly denies compassionate release compassionate release need not evaluate each step.").

An inmate seek relief under 18 U.S.C. § 3582(c)(1)(A) bears the burden of proof by a preponderance of the evidence. *See United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998); *United States v. Ibarra*, No. 19-cr-00049, 2021 WL 3924733, at *2 (D. Haw. Sept. 1, 2021).

### III.  DISCUSSION

At the outset, Defendant seeks appointment of counsel to assist with his Motion for Sentence Reduction. (MSR at 1, 23). There is no constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings rest with the discretion of the district court. *United States v. Harington*, 410 F.3d 598, 600 (9th Cir. 2005).

Pursuant to this Court's General Order 2020-06, the Federal Public Defender's ("FPD") office was appointed to determine if supplementation of Defendant's Motion was needed. (Order, ECF No. 355). The FPD declined to file a supplement to Defendant's Motion. (Notice Non-Supplementation, ECF No. 358). "This suggests that the [FPD's] office has already screened [Defendant's] [M]otion and determined that he is not eligible for [a sentence

reduction] at this time." *United States v. Taylor-Nairn*, No. 18-cr-5094, 2023 WL 3738053, at *2 (W.D. Wash. May 31, 2023).  Moreover, upon review of Defendant's Motion, the Court finds the appointment of counsel is unnecessary.  Defendant's Motion for Sentence Reduction is not complex, and he articulately and adequately presents his claim.  Accordingly, Defendant's request for appointment of counsel is DENIED.

Turning to the merits of Defendant's Motion, the parties do not dispute that Defendant properly exhausted his administrative remedies. (MSR at 5); (Resp. 5:16–17, ECF No. 354). Therefore, the Court's discussion will begin by examining whether there are "extraordinary and compelling" reasons justifying a sentence reduction.  Broadly speaking, Defendant's reasons can be grouped into two categories: (1) the purported disparity between the sentence he received when compared to his codefendants; and (2) his physical injuries and mental conditions. (MSR at 5–25).  The Court first addresses the alleged disparity between Defendant's sentence when compared to his codefendants.

**A. Sentencing Disparity**

Defendant argues a sentencing disparity exists because he received a substantially longer sentence than his codefendants. (*Id.* at 6–14).  In response, the Government contends Defendant's argument is misplaced.  Specifically, the Government asserts Defendant's substantially longer sentence is the product of permissible reasons, namely his greater role in the commission of the charged offenses, as well as his decision to not plead guilty and to not cooperate with the Government. (Resp. 6:11–17, ECF No. 354).

Although a district court may consider any extraordinary or compelling reason a defendant might raise to justify compassionate release, *Aruda*, 993 F.3d at 801, the compassionate release framework is "not meant to provide movants with an opportunity to simply relitigate their sentencings." *United States v. Henry*, No. 05-cr-0147, 2022 WL 2905057, at *2 (D. Md. July 22, 2022).  "Sentencing is meant to be an individualized process

with each judge considering the § 3553(a) factors as they relate to that particular defendant." *United States v. Washington*, No. 1:16-cr-110, 2023 WL 2796486, at *3 (E.D. Va. Apr. 5, 2023); *see Henry*, 2022 WL 2905057, at *3 (refusing to find an "extraordinary and compelling" reason in a sentencing disparity specifically considered and imposed by the sentencing judge).

The Court finds Defendant's substantially longer sentence when compared to his codefendants does not constitute an "extraordinary and compelling" reason warranting a sentence reduction. While courts have found some sentencing disparities to be an "extraordinary and compelling" reason warranting a sentence reduction, those disparities often result from changes to the law. *See United States v. Chen*, 48 F.4th 1092, 1099 (9th Cir. 2022) (determining that a district court may consider the First Step Act's non-retroactive changes to sentencing law, in combination with other facts particular the individual defendant). Here, Petitioner does not rely on any change to the law, [2] but the disparity created between his and his codefendants sentences because they chose to plead guilty. (MSR at 5–8). But "[t]here is nothing 'extraordinary' or 'compelling' about a sentence disparity that results from a codefendant's decision to plead guilty and assist the government."[3] *United States v. Hunter*, 12

---

[2] The closest Defendant comes to arguing that a change in the law justifies a sentence reduction is his invocation of the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (MSR at 12–13); (Reply 11–15, ECF No. 359). In *Rehaif*, the Supreme Court held that 18 U.S.C. § 922(g), which prohibits possession of a firearm by a prohibited person, requires proof the defendant knew he belonged to the relevant category of persons barred from possession a firearm. *Rehaif*, 139 S. Ct. at 2200. "Presenting such a challenge as a proposed 'extraordinary and compelling' reason for [a sentence reduction] concerningly seem[s] to be a circumvention of limits on successive [§] 2255 petitions. Not only that, but *Rehaif*'s impact lacked the 'extraordinary' quality necessary to justify [a sentence reduction]." *United States v. Reed*, No. 06-cr-193, 2022 WL 1120046, at *3 (W.D. Pa. Apr. 14, 2022); *see United States v. Reed*, No. 06-cr-193, 2021 WL 914203, at *5 (W.D. Pa. Mar. 10, 2021) (explaining that thousands of prisoners were likely in the same position as Defendant, "serving sentences based on convictions that may not have been sustained had *Rehaif* applied at the time"); *United States v. Rogers*, No. 4:14-cr-0028, 2022 WL 686850, at *4 (D.S.C. Mar. 8, 2022) (noting that *Rehaif* provides a basis to vacate a criminal defendant's conviction under § 2255, not alter terms of imprisonment pursuant to a compassionate release motion). Regardless, Defendant already made his *Rehaif* argument in his § 2255 Motion, (ECF No. 343), which the Court subsequently denied, and the Court rejects him raising a *Rehaif* claim here. *See United States v. Bickle*, No. 2:10-cr-00565, 2020 WL 7408722 (D. Nev. Dec. 17, 2020).

[3] To this end, the Court also disagrees with Defendant's contention his substantially longer sentence was a "trial penalty." (MSR at 11–12). Defendant chose to assert his innocence and exercise his right to a jury trial; that he

F.4th 555, 572, (6th Cir. 2021); *see United States v. Valdez-Lopez*, 4 F.4th 886, 893 (9th Cir. 2021) ("Lopez's codefendants had received shorter sentences after pleading guilty, and a codefendant's acceptance of a guilty plea is a permissible explanation for a sentencing disparity.") (citation omitted); *United States v. Frantz*, 234 Fed. App'x 729, 735 (9th Cir. 2007) (rejecting the defendant's sentencing disparity argument where the co-defendant's received a lesser sentence because they played a lesser role in the crime and pled guilty); *United States v. Burleson*, No. 2:16-cr-00046, 2022 WL 17343788, at *8 (D. Nev. Nov. 29, 2022) (rejecting the defendant's sentencing disparity argument where "[a]ny sentencing disparity between [d]efendant and his codefendants is a consequence of bargained-for-plea agreements"). Therefore, even assuming a sentencing disparity exists, the disparity results from a permissible rather than "extraordinary and compelling" reason.

### B. Medical Conditions

Defendant next argues a sentence reduction is warranted based on his various physical injuries and mental conditions resulting from his military service. (MRS at 18–25). Defendant also contends the institution he is incarcerated at has failed to adequately treat these conditions. (*Id.*); (Reply 1–11). In response, the Government contends the foregoing does not show "extraordinary and compelling" reasons because the sentencing judge considered Defendant's various physical and mental conditions. (Resp. 8:13–9:22). Further, to the extent Defendant raises concerns about the quality of care provided in prison, the Government posits any

---

was ultimately found guilty by the jury and received a sentence which reflected his greater role in the charged crimes does not constitute a "extraordinary and compelling" reason warranting a sentence reduction. *See United States v. Ho*, 217 Fed. App'x 653, 653 (9th Cir. 2007) ("Ho contends that his sentence is unreasonable because it is substantially longer than the sentences imposed on two of his codefendants. But the record indicates that Ho was more involved in the conspiracy than one of those codefendants, and that the other of those codefendants cooperated with the government in its prosecution of Ho. Therefore we cannot say that the disparity in sentences was unwarranted."); *United States v. McDonald*, No. 94-cr-20256, 2020 WL 3166741, at *7 (W.D. Tenn. June 8, 2020) (rejecting an alleged "trial penalty" as an extraordinary circumstance where the"[c]o-defendants who received lower sentences had less culpable roles in the conspiracy); *United States v. Willard*, No. 05-cr-605, 2023 WL 1100991, at *2 (E.D. Pa. Jan. 30, 2023) ("a so-called 'trial penalty' is not an extraordinary and compelling reason to reduce a defendant's sentence.") (internal citations omitted).

complaint about the quality of care is more appropriately brought pursuant to a civil lawsuit through an Eighth Amendment claim. (*Id.* 9:22–11:12).

Physical and medical conditions may represent extraordinary and compelling reasons if an inmate "suffer[s] from a serious physical or medical condition . . . that substantially diminishes the [defendant's] ability . . . to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 cmt. n.1(A). "Chronic but manageable medical conditions alone do not constitute extraordinary and compelling circumstances." *United States v. Miller*, No. 15-cr-00471, 2021 WL 2711728, at *4 (N.D. Cal. July 1, 2021). The Court first considers Defendant's physical injuries.

### 1. Physical Injuries

Defendant's physical ailments include injuries to his testicle, back, neck, head, and knees. (MSR at 15–18). Defendant maintains he requires back surgery and to see a specialist for his testicle, but that the BOP has been unable or willing to provide the necessary care. (Reply at 3–6). Moreover, Defendant raises for the first time in his Reply that he has an "untreated heart condition," specifically sinus bradycardia, "[which] requires surgery[,]" and could prove fatal if left untreated. (*Id.* at 2, 6).

As to Defendant's injuries to his testicle, back, neck, head, and knees, the Court finds these injuries do not constitute "extraordinary and compelling" reasons justifying a sentence reduction for three reasons. First, as the Government notes, the sentencing judge considered these precise injuries at sentencing. (Resp. 9:5–22) (citing the presentence report and sentencing transcript). *See United States v. Cole*, No. 1:11-cr-00026, 2021 WL 2402299, at *8 (E.D. Cal. June 11, 2021) (determining the defendant's medical conditions did not present extraordinary and compelling reasons warranting compassionate release where "the sentencing judge fully considered defendant's age and medical and mental health conditions" and "no

significant change in those conditions has taken place since the time of defendant's sentencing"); *United States v. Valdez*, No. 3:19-cr-00323, 2021 WL 325715, at *4 (D. Or. Feb. 1, 2021) (denying the defendant's motion for compassionate release where all his health conditions were "considered at the time of sentencing by the Court and reflected in his sentence"). Second, to the extent Defendant argues these conditions have worsened, he has not shown these conditions are no longer manageable. As stated, "[c]hronic but manageable medical conditions do not constitute extraordinary and compelling reasons." *Miller*, No. 15-cr-00471, 2021 WL 2711728, at *4 (N.D. Cal. July 1, 2021). Third, even assuming the BOP has not adequately treated these conditions, "[t]he Court is inclined to agree with the conclusion of the District Court for the Middle District of North Carolina that the 'need to obtain adequate treatment for [a defendant's] disease [or injury] when [the BOP] appears unable to provide without court oversight is a compelling reason for a sentence reduction,' at least where the disease 'can kill without appropriate medical care." *United States v. Teran*, No. 16-cr-335, 2021 WL 735722, at *5 (W.D. Wash. Feb. 25, 2021) (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 581–82 (M.D.N.C. 2019)). And here, Defendant has not shown these conditions are life-threatening without the appropriate medical care. *See United States v. Mendoza*, No. 13-cr-0238, 2021 WL 2856673, at *2 (W.D. Wash. July 8, 2021) (determining compassionate release was not warranted where the BOP delayed bringing the defendant to a specialist because the defendant had "not demonstrated that his medical conditions . . . [were] life-threatening").

The Court recognizes that Defendant's heart condition, in contrast to the physical injuries examined above, could prove life-threatening. However, Defendant raised this condition for the first time in his Reply brief. (*Compare* Reply *with* MSR). "[A] district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *see United States v. Villaba*, No. 21-30279, 2022 WL 16832813,

at *1 (9th Cir. Nov. 9, 2022) (determining, in an appeal of a compassionate release motion, that the district court did not abuse discretion by not considering an argument raised for the first time in a reply brief).  Defendant's decision to omit this condition from his Motion for Sentence Reduction deprived the Government of the opportunity to address the merits of this claim. *See United States v. Orrock*, No. 2:16-cr-00111, 2020 WL 2199620, at *1 (D. Nev. May 5, 2020) (declining to consider "arguments raised for the first time in reply briefs because the practice of using a motion as merely a placeholder and then loading up the reply brief with the real information eliminates the opposing party's ability to provide a meaningful response and does not promote justice").  Accordingly, the Court declines to consider this argument.

In sum, Defendant has not shown any physical condition(s) that substantially diminish his ability to provide self-care within the correctional facility. *See United States v. Weidenhamer*, No. 16-cr-01072, 2019 WL 6050265, at *5 (D. Ariz. Nov. 8, 2019) ("To be faithful to the statutory language requiring 'extraordinary and compelling reasons,' it is not enough that Defendant suffers from two chronic conditions that she is not expected to recover from. Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.") (citation omitted); *United States v. Barrett*, No. 16-cr-1831, 2022 WL 2079314, at *2 (S.D. Cal. June 9, 2022) ("Though [Defendant] has a serious chronic condition, chronic medical conditions alone do not constitute extraordinary and compelling circumstances.").  The Court will next address Defendant's mental conditions.

**2. Mental Conditions**

Defendant's mental conditions include PTSD and traumatic brain injury. (MSR at 18–22); (Reply at 2).  As Defendant first raised his traumatic brain injury in his Reply, the Court only considers whether his PTSD presents "extraordinary and compelling" reasons warranting a sentence reduction. *Zamani*, 491 F.3d at 997.

///

"[District] courts have not categorically accepted PTSD as a stand-alone basis for reduction." *United States v. Villarreal*, No. 8-cr-1332, 2022 LW 874967, at *5 (S.D. Cal. Mar. 24, 2022); *see United States v. Ruiz*, No. 2:17-CR-227, 2021 WL 1345419, at *3 (S.D. Ohio Apr. 12, 2021) (finding that a diagnosis of PTSD is not an extraordinary and compelling reason for early release); *United States v. Morris*, No. 14-cr-20427, 2022 WL 17291327, at *4 (E.D. Mich. Nov. 29, 2022) ("Even if Defendant has PTSD, it is neither extraordinary nor compelling."); *United States v. Mejia-Santamaria*, No. 4:15-cr-111, 2021 WL 5285843, at *6 (E.D. Tex. Nov. 10, 2021) ("Moreover, the court does not find that Mejia-Santamaria's purported PTSD constitutes an extraordinary and compelling circumstance."). Further, district courts have routinely found that an inmate's PTSD, even when viewed in connection with other physical and/or medical conditions, does not constitute "extraordinary or compelling" reasons warranting a sentence reduction. *See United States v. Gaye*, No. 14-cr-344, 2023 WL 2898667, at *1–*3 (D. Minn. Apr. 11, 2023) (denying compassionate release motion brought by inmate with "PTSD, persistent depressive disorder, and generalized anxiety as a result of his experiences as a child during the Liberian Civil War"); *United States v. White*, No. 19-cr-00341, 2021 WL 3493220, at *3–*4 (S.D. Cal. Aug. 9, 2021) (denying compassionate release motion brought by inmate with "lasting injuries from a car accident, degenerative disk disease, arthritis, anxiety, ADHD, PTSD, and scoliosis"); *United States v. Esteban-Bravo*, No. 15-cr-123, 2021 WL 1516457, at *2 (S.D. Tex. Apr. 16, 2021) (denying motion for compassionate brought by inmate with long-term PTSD and a metal plate surgically implanted in his neck); *United States v. McKinney*, No. 18-cr-096, 2020 WL 6076898, at *4 (W.D. Wash. Oct. 15, 2020) (denying compassionate release motion brought by inmate alleging that "the effects of PTSD and related sleep disorders expose him to heightened risk of severe illness from COVID-19."); *United States v. Crocker*, No. 3:16-cr-00122, 2020 WL 7078132, at *2–*4 (D. Or. Dec. 1, 2020) (denying compassionate release motion brought by inmate with PTSD, high blood

pressure, and a history of smoking); *United States v. Dewberry*, No. 11-cr-40078-06, 2022 WL 2528108, at *4 (D. Kan. July 7, 2022) (denying compassionate release motion brought by inmate with PTSD and asthma).  While the Court is sympathetic to Defendant's conditions, his PTSD, even when viewed in conjunction with his various physical ailments, does not show "extraordinary and compelling" reasons warranting a sentence reduction.

In sum, Defendant has not met his burden to show that "extraordinary and compelling reasons" warrant a reduction in his sentence.  Therefore, the Court does not need to address whether Defendant's release would pose a danger to the community or any of the factors set forth in 18 U.S.C. § 3553(a). *See Keller*, 2 F.4th at 1284 ("[A] district court that properly denies compassionate release compassionate release need not evaluate each step.").  Accordingly, Defendant's Motion for Sentence Reduction is DENIED.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction, (ECF No. 352), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Seal, (ECF No. 356), is **GRANTED**.  The Clerk shall seal Exhibit A of Response (ECF No. 359) because they consist of medical records.

**DATED** this __6__ day of July, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court