# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> NICHOLAS BICKLE, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:10-cr-00565-GMN-PAL-1 <br><br> **ORDER** |

On July 6, 2023, the Court entered an Order, (ECF No. 361), denying Defendant Nicholas Bickle's Motion for Sentence Reduction. Two months after entry of the Court's Order, Defendant filed the instant Motion for Leave to File Appeal Under Federal Rule of Appellate Procedure ("Fed. R. App. P."). (Mot. Leave File Appeal, ECF No. 365). Fed. R. App. P. 4(b)(1)(A) requires a notice of appeal to be filed within 14 days of the entry of the order being appealed. Even considering timeliness pursuant to Rule 4(c), which applies to an appeal by an inmate confined in an institution, Defendant's appeal is untimely. Defendant does not contend his appeal is timely; instead, he argues the period for him to appeal should be reopened under the limited exception set forth in Fed. R. App. 4(a)(6) because he did not receive notice of the Court's Order until August 8, 2023. (*Id.* at 5).

Ordinarily, a lack of actual knowledge that judgment was entered has no effect on the deadline for filing a notice of appeal. *See* Fed. R. Civ. P. 77(d)(2). But there is a "limited exception" set forth in Fed. R. App. 4(a)(6). *Nguyen v. Sw. Leasing & Rental Inc.*, 282 F.3d 1061, 1064 (9th Cir. 2002). This exception gives a district court discretion to reopen the time to file an appeal if:

    (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

    (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil procedure 77(d) of the entry, whichever is earlier; and

    (C) The court finds that no party would be prejudice.

Fed. R. App. P. 4(a)(6).  "[W]here a moving party makes an unchallenged assertion that he did not receive timely notice of judgment, and the other Rule 4(a)(6) conditions are not at issue, a district court errs in denying the motion to reopen based solely on the party's failure to learn independently of the entry of judgment." *United States v. Withers*, 538 F.3d 1055, 1061–62 (9th Cir. 2011).

    Here, all three elements are satisfied.  First, the Court accepts Defendant's assertion in his declaration that he did not receive notice of the entry of judgment until August 8, 2023.  The Court's finding is supported by the Government's non-opposition. *See Lewis v. Garcia*, No. 2:20-cv-00399, 2021 WL 677866, at *3 (E.D. Cal. Feb. 22, 2021) (finding the plaintiff's contention that he did not receive timely notice of the court's order was credible, especially where his "assertion [was] unchallenged]") (citing *Withers*, 538 F.3d at 1061–62).  Second, his request to reopen the time to appeal was filed within 180 days after judgment was entered.  And third, the Government does not contest it would be prejudiced if the Court grants the request, nor does the Court find any cognizable prejudice exists. (*See generally Resp.*, ECF No. 366).  Therefore, the Court will exercise its discretion and grant Defendant's request to reopen the time to appeal.[1]

---

[1] It is Defendant's prerogative to appeal the Court's Order to the Ninth Circuit.  The Court merely advises Defendant that he is not precluded from filing another motion for compassionate release before this Court. *See United States v. Bolton*, No. 14-cr-00030, 2023 WL 3637079, at *1 (N.D. Cal. Jan. 3, 2023) (reviewing the various motions for compassionate release filed by the defendant); *see also United States v. Thomas*, No. 3:14-

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Leave to File Appeal Under Fed. R. App. 4(a) is **GRANTED**.  The time for Defendant to appeal from the Court's Order, (ECF No. 361), is, therefore, reopened for a period of fourteen (14) days from the date of entry of this Order.  The Clerk of Court shall serve a copy of this Order on the Ninth Circuit.

**DATED** this __26__ day of October, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court

---

cr-00182, 2020 WL 4734994, at *12 (M.D. Tenn. Aug. 14, 2020) ("If Defendant's illness was to take an unfortunate turn for the worse, becoming truly terminal, Defendant may refile a motion for compassionate release.").  The Court's previous Order did not consider three medical conditions that Defendant asserted showed "extraordinary and compelling" reasons warranting his compassionate release because he raised these conditions for the first time in his Reply, thereby depriving the Government of a chance to meaningfully respond to his argument. (Order, 8:21–11:11).  If Defendant chooses, he can file a new motion for compassionate release which includes all his medical conditions in the first instance.  The Court will then consider whether "extraordinary and compelling" reasons exist when evaluating all of Defendant's conditions.  To be clear, this does not mean the Court will find "extraordinary and compelling" reasons exist, or that the 18 U.S.C. § 3553(a) factors weigh in favor of release.  It merely means the Court will address the totality of Defendant's conditions if properly raised in a motion.